IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DARIUS MARTELL FRANKLIN,<br><br>Defendant. | Case No. 13-MJ-119<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of May, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 30, 2013, Defendant Darius Martell Franklin was charged by Criminal Complaint (docket number 2) with possession with intent to distribute cocaine base.

At the hearing, Iowa Department of Correctional Services Probation and Parole Officer Anjelica Atalig testified regarding the circumstances underlying the instant charge.[1] On March 3, 2013, Iowa Probation Officer Mike Skaggs conducted a home visit at Defendant's apartment in Cedar Rapids, Iowa. During the visit, Skaggs determined that a friend of Defendant's had been smoking crack cocaine in Defendant's bathroom.

---

[1] Atalig is currently assigned to the DEA Task Force.

1

On March 13, 2013, Skaggs and other officers conducted another home visit at Defendant's apartment. Defendant did not answer his door when the officers knocked at his door. The officers exited the apartment building and saw someone looking out the window of Defendant's apartment. The officers motioned the individual, later identified as Defendant, to meet them at the door to the apartment. One of the officers saw Defendant go into a back bedroom before answering the door. Upon entering Defendant's apartment, Iowa Probation Officer Steve Warner, one of the other officers conducting the home visit, went to the back bedroom and smelled marijuana. He also observed a marijuana blunt inside a woman's boot. Warner looked further inside the boot and found a baggie containing multiple smaller baggies of crack cocaine. Based on these findings, the officers conducted a larger search of Defendant's residence.

In Defendant's bedroom, officers found two large baggies containing multiple smaller baggies of crack cocaine inside a tote. Inside the bedroom closet, officers found another large baggie containing multiple smaller baggies of crack cocaine. In a shoe box sitting outside the closet, officers found plastic baggies with the corners torn off, and instruments used for the manufacture of crack cocaine with white residue. Officer Atalig testified that these items were consistent with the manufacture of crack cocaine.

In the kitchen, officers found a baggie containing cocaine. Above the refrigerator, officers found heroin. The glass plate inside the microwave tested positive for crack cocaine residue. Atalig testified that this was consistent with the manufacturing of crack cocaine. In total, officers found approximately 445 baggies containing crack cocaine. Officers questioned Defendant, and he admitted that the drugs belonged to him.

According to the pretrial services report, Defendant is 23 years old. He was born in Chicago, Illinois, but moved to Cedar Rapids, Iowa, when he was 6 years old. Except for the time period of March 2012 to August 2012, when he lived in Madison, Wisconsin, with his mother, Defendant has lived in Cedar Rapids. Defendant has never been married,

but he has a 1-year-old daughter who lives in Chicago with her maternal grandmother. Defendant told the pretrial services officer that if released, he would reside with his aunt, Malea Williams, in Cedar Rapids. Williams told the pretrial services officer that she was not related to Defendant, and that while Defendant lived with her for a "period of time," she had "no place for him now" and he was not welcome to live with her.

Defendant is currently unemployed. He told the pretrial services officer that he was last employed by a man named "Hugh," performing demolition work in Anamosa, Iowa, in November 2012.[2] Defendant is in good physical health. In 2011, as a condition of pretrial release in a controlled substance charge, Defendant was referred to the Abbe Center for Community Health in Cedar Rapids, where he was diagnosed with "irritable explosive disorder." He was not prescribed medication for this condition. Defendant told the pretrial services officer that he first started smoking marijuana at age 15, and during the times that he was actively using it, he smoked it every other day. He reported that his last use was in December 2012.

Turning to his criminal record, on January 9, 2006, at age 15, Defendant was adjudicated delinquent for fifth degree theft. He was given 1 year probation. He was discharged from probation on August 14, 2007. On June 20, 2007, at age 17, and while on probation, Defendant was charged and later convicted of trespass. On November 9, 2007, Defendant was charged and later convicted of disorderly conduct, fighting or violent behavior.

On August 14, 2008, at age 18, Defendant was charged and later convicted of fifth degree theft. On August 29, 2008, while the fifth degree theft charge was pending, Defendant was charged and later convicted of trespass. Defendant failed to appear for his initial appearance, and an arrest warrant was issued. The arrest warrant was served on

---

[2] It is unclear how long Defendant worked at this job.

3

October 6, 2008. On December 9, 2010, Defendant was charged and later convicted of fifth degree theft.

On October 4, 2011, Defendant was charged and later convicted of delivery of crack cocaine. On October 10, 2011, while the delivery of crack cocaine charge was pending, Defendant was charged and later convicted of disorderly conduct, fighting or violent behavior. On March 8, 2012, Defendant failed to appear for his pretrial conference on the delivery of crack cocaine charge. An arrest warrant was issued and Defendant's pretrial release was revoked. Defendant was arrested on August 16, 2012, in Madison, Wisconsin. Defendant was extradited to Iowa, and received a deferred judgment and 3 years probation on December 21, 2012. In March 2013, a violation of probation petition was filed. The petition alleged Defendant failed to keep appointments regarding substance abuse treatment, submitting a urine sample which tested positive for marijuana, and being arrested in relation to the conduct alleged in the instant federal charge. Defendant was on probation when the alleged instant federal charge occurred.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute cocaine base. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. On March 3, 2013, law enforcement conducted a home visit at Defendant's residence. The officer conducting the home visit found evidence that a friend of Defendant's had smoked crack cocaine in his bathroom. On March 13, 2013, officers conducted another home visit and found drugs throughout Defendant's apartment. The drugs were packaged for distribution. Defendant admitted to law enforcement that the drugs belonged to him.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant also has two convictions for disorderly conduct, fighting or violent behavior. Additionally, he has a diagnosis for "irritable explosive disorder." While on pretrial release and probation for the 2011 delivery of crack cocaine charge, Defendant failed to keep appointments with his supervising officer, failed to keep appointments related to substance abuse treatment, used marijuana and cocaine, and was arrested on the instant federal charge involving the distribution of crack cocaine, the same charge for which he was already on probation. Defendant is unemployed and lacks a stable residence. Moreover, Defendant has failed to appear for multiple court proceedings. After failing to appear for his pretrial conference in the 2011 delivery of crack cocaine charge, Defendant had an outstanding arrest warrant for approximately 5 months, until he was arrested in Wisconsin and extradited back to Iowa. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 7th day of May, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA